# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BENCHMARK RESOURCES ) <br> CORPORATION, GENTRY ) <br> CORPORATION, and SUNRISE ) <br> HOLDING, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | No. 03-178L <br><br> Honorable Christine Odell Cook Miller |

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS
OF UNCONTROVERTED FACT IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

---

Pursuant to RCFC 56(h)(2), Plaintiffs respond to the Proposed Findings of Uncontroverted Fact submitted by Defendant in Support of its Motion for Summary Judgment.

1. Agreed.

2. Agreed.

3. Agreed.

4. Agreed.

5. Agreed.

6. Disagree. Plaintiffs dispute that their interests in the Fee Property are "limited" by the Timber Lease. The Timber Lease provides in pertinent part that, even during the time period of the Lease, "Lessor reserves and retains all coal, oil, gas and other minerals and mineral rights in,

on, or beneath the above described lands not heretofore granted to or reserved by third persons, but shall not develop, mine, extract, or remove the same without the prior written consent of Lessee **which shall not be unreasonably withheld** . . . ."  (U.S. Ex. T, App II at 558)(emphasis added).  The Timber Lease further is due to expire in 2047 and Plaintiffs held the reversionary interest. (Id.)

7. Disagree.  See Response to ¶6, *supra*.  Moreover, Defendant has not cited to Darold Proctor's full deposition testimony on this point.

> Q. You understood that you had no rights to [strip the property for coal] from a contractual standpoint?
> A. That's true.  But there was an alternative.
>
> Q. And what was that alternative?
> A. The alternative was there had been, Tennessee Partners and Mr. Busler had negotiated with Bowater about a 57-acre tract on the fee simple land and Bowater was making a deal—you've go the papers on it—Bowater was willing to permit that mining to continue if we bought them a certain parcel of land they wanted, and we, of course, never got to follow up with that because of everything that happened here, and we haven't talked to them since that time.

(U.S. Ex. M, App II at 447).  See also, Mr. Kwon's testimony, as cited by Defendant. (U.S. Ex. R, App. II at 511-12a).

8. Agreed.

9. Disagree.  Defendant has improperly stated incorrect legal conclusions. Defendant has cited to deposition testimony in which its attorney questioned Mr. Proctor as to who owned the "fee simple interest" in the Mineral Property.  Of course, as Defendants own the mineral rights in the Mineral Property, no one can own the fee simple interest in the Mineral Property.  Plaintiffs further maintain that this proposed finding of fact is not relevant to Defendant's present motion as Plaintiffs unquestionably held a compensable property interest for the reasons set forth in their Responsive Brief.

10.     Disagree.  See Response to ¶9, *supra*.

11.     Disagree.  This proposed finding of fact refers solely to a written document, the terms of which speak for themselves.  Answering further, Plaintiffs state that this proposed finding of fact is not relevant to Defendant's present motion as Plaintiffs unquestionably held a compensable property interest for the reasons set forth in their Responsive Brief.

12.     Disagree.  This proposed finding of fact refers solely to a written document, the terms of which speak for themselves.  Answering further, Plaintiffs state that this proposed finding of fact is not relevant to Defendant's present motion as Plaintiffs unquestionably held a compensable property interest for the reasons set forth in their Responsive Brief.

13.     Disagree.  See Response to ¶6, *supra*.

14.     Disagree.  The Coal Lease was for the presumptive period of 20 years, however, this time period could have been shortened or lengthened.  (U.S. Ex. U, App II at 570).  During the period of the Coal Lease, the lessees were required to pay Plaintiffs minimum royalty payments of $7,680,000.00 annually.  (U.S. Ex. T, App II at 572).  Plaintiffs also envisioned ultimately mining the property themselves. (Exhibit "2" to Plaintiffs' Responsive Brief at 277-78; Exhibit "3" at 39-40).  Unfortunately, Plaintiffs received no payments from the lessees of the Coal Lease: it did receive some compensation from a settlement with Tennessee Partners.  (Exhibit "3" to Plaintiffs' Responsive Brief at 54-56).  Answering further, Plaintiffs state that this proposed finding of fact is not relevant to Defendant's present motion as Plaintiffs unquestionably held a compensable property interest for the reasons set forth in their Responsive Brief.

15. Disagree. This proposed finding of fact refers solely to a written document, the terms of which speak for themselves. Answering further, Plaintiffs state that this proposed finding of fact is not relevant to Defendant's present motion as Plaintiffs unquestionably held a compensable property interest for the reasons set forth in their Responsive Brief.

16. Disagree. This proposed finding of fact refers solely to a written document, the terms of which speak for themselves. Answering further, Plaintiffs state that this proposed finding of fact is not relevant to Defendant's present motion as Plaintiffs unquestionably held a compensable property interest for the reasons set forth in their Responsive Brief.

17. Disagree. See Response to ¶14 *supra*.

RESPECTFULLY SUBMITTED this 29th day of August, 2006.

**BENCHMARK RESOURCES CORPORATION, GENTRY CORPORATION & SUNRISE HOLDING, INC.**

By: s/ James N. MacKinlay
James N. MacKinlay
1019 South Stapley
Mesa, Arizona  85204
Phone: (480) 898-9239
Fax: (480) 833-2175
Attorney of Record for Plaintiffs

- 5 -

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on this 29th day of August, 2006, a true and correct copy of Plaintiffs' Response to Defendant's Proposed Findings of Uncontroverted Fact in Support of its Motion for Summary Judgment, was served via first class mail, postage prepaid, on Defendant's counsel of record:

        James D. Gette
        U.S. Department of Justice
        Environment & Natural Resources Division
        P.O. Box 663
        Washington, D.C. 20044

        s/ James N. MacKinlay
        James N. MacKinlay